**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0004207
30-AUG-2016
10:23 AM**

NO. CAAP-13-0004207

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WILLIAMAE HINANO ALAMA, Plaintiff-Appellee, v.
NALAYNE M. KAHANAOI, et al.;
JOHN and JANE DOES 1-20, Defendants-Appellants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-0987-05 GWBC)

SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Fujise and Leonard, JJ.)

Defendant-Appellant Nalayne M. Kahanaoi (Kahanaoi) appeals from four orders entered by the Circuit Court of the First Circuit (Circuit Court):[1]

> (1) the August 1, 2013 Second Amended Order Granting Plaintiff Williamae Hinano Alama's [(Alama)] Motion for Summary Judgment (Second Amended MSJ Order);
>
> (2) the September 18, 2013 Order Denying [Kahanaoi's] Motion for Temporary Restraining Order or For Stay of Execution of the Second Amended Order Granting [Alama's] Motion for Summary Judgment (TRO/Stay Order);
>
> (3) the October 15, 2013 Order Denying Defendant's Motion for Reconsideration of the Second Amended Order Granting Plaintiff's Motion for Summary Judgment (Reconsideration Order); and
>
> (4) the October 15, 2013 Order Denying Defendant's Motion for Stay of Execution of the Second Amended Order Granting Plaintiff's Motion for Summary Judgment (Second Stay Order).

---

[1]     The Honorable Gary W.B. Chang presided.

This case arises out of Alama's May 16, 2011 Verified Complaint for Ejectment, seeking to eject her sister, Kahanaoi, from 2260 Moreira Street, Honolulu, Hawai'i 96813 (Subject Property).

On appeal, Kahanaoi argues that the Circuit Court erred when it granted the August 1, 2013 Second Amended MSJ Order because (1) Alama lacked standing to eject Kahanaoi from the Subject Property; and (2) it did "not view[] the entire record even if many things were absent." Kahanaoi also argues that the Department of Hawaiian Home Lands (DHHL) "failed to adhere to high fiduciary duties" but does not attribute any error to the Circuit Court or Alama. Kahanaoi does not present any arguments regarding the TRO/Stay Order, the Reconsideration Order or the Second Stay Order.

After a careful review of the points raised, the arguments made by the parties, the record, and the applicable authority, we resolve Kahanaoi's appeal as follows:

1. This court lacks jurisdiction over the August 1, 2013 Second Amended MSJ Order. HRS § 641-1 (1993 & Supp. 2015) authorizes appeals to the intermediate court of appeals only from "final judgments, orders, or decrees[.]" HRS § 641-1(a). Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Hawai'i Rules of Civil Procedure (HRCP) Rule 58 requires that "[e]very judgment shall be set forth on a separate document." "An appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "[A]n order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted). The Record on Appeal does not contain a

separate appealable written judgment on the Second Amended MSJ Order.

An exception to the general rule requiring a final judgment is the Forgay doctrine, Forgay v. Conrad, 47 U.S. 201 (1848), "allow[ing] an appellant to immediately appeal a judgment for execution upon property, even if all claims of the parties have not been finally resolved." Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995). Under the Forgay doctrine, the appellate court "ha[s] jurisdiction to consider appeals from judgments which [1] require immediate execution of a command that property be delivered to the appellant's adversary, and [2] the losing party would be subjected to irreparable injury if appellate review had to wait the final outcome of the litigation." Id. (citations and internal quotation marks omitted; some brackets omitted, some brackets added).

In the instant case, the MSJ orders appear to (1) require immediate execution of a command that Kahanaoi must deliver real property to Kahanaoi's adversary, Alama, and (2) the losing party, Kahanaoi, would be subjected to irreparable injury if appellate review had to await the final outcome of the litigation. However, the supreme court explained the following general rule regarding any amended judgment:

> The general rule is that where a judgment is amended in a material and substantial respect, the time within which an appeal from such determination may be taken begins to run from the date of the amendment, although where the amendment relates only to the correction of a clerical error, it does not affect the time allowed for appeal.

Moreover,

> If the amendment of a final judgment or decree for the purpose of correcting a "clerical error" either materially alters rights or obligations determined by the prior judgment or decree or creates a right of appeal where one did not exist before, the time for appeal should be measured from the entry of the amended judgment. If, however, the amendment has neither of these results, but instead makes changes in the prior judgment which have no adverse effect upon those rights or obligations or the parties' right to appeal, the entry of the amended judgment will not postpone the time within which an appeal must be taken from the original decree.

Poe v. Hawai'i Labor Relations Bd., 98 Hawai'i 416, 418, 49 P.3d 382, 384 (2002) (citation, brackets, and ellipsis omitted;

emphasis added); State v. Mainaaupo, 117 Hawai'i 235, 246 n.6, 178 P.3d 1, 12 n.6 (2008).

In the instant case, the October 31, 2012 MSJ Order referred to the wrong parcel of real property and the March 19, 2013 First Amended MSJ Order amended it in material and substantial respects by correcting the incorrect reference to the Subject Property and adding the requirement that the occupiers of the property were responsible for removing their personal property from the Subject Property. The March 19, 2013 First Amended MSJ Order authorized Alama for the first time to physically remove Kahanaoi from the Subject Property. Therefore, the March 19, 2013 First Amended MSJ Order triggered a thirty-day time period under Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a)(1) for filing a notice of appeal.

The August 1, 2013 Second Amended MSJ Order did not trigger a new thirty-day time period under HRAP Rule 4(a)(1) for filing a notice of appeal because it merely amended the March 19, 2013 First Amended MSJ Order by correcting a clerical error and did not materially alter rights or obligations determined by the March 19, 2013 First Amended MSJ Order or create a right of appeal that did not exist before. Therefore, under Poe, the subsequent entry of the August 1, 2013 Second Amended MSJ Order did not postpone the thirty-day time period under HRAP Rule 4(a)(1) during which Kahanaoi was required to file a notice of appeal.

The thirty-day period for Kanahaoi to file an appeal from the First Amended MSJ Order ended on April 18, 2013. Kahanaoi did not file her October 18, 2013 notice of appeal within that period. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any

failure to comply with these rules, except the failure to give timely notice of appeal."). Therefore, this court does not have jurisdiction to review the Second Amended MSJ Order.

   2. The three appealable post-judgment orders.

   As the First Amended MSJ Order was an immediately appealable final order under the <u>Forgay</u> doctrine and under the holding in <u>Poe</u>, the March 19, 2013 First Amended MSJ Order qualifies as a "judgment" because the word "'[j]udgment[,]' as used in these rules includes a decree and any order from which an appeal lies." HRCP Rule 54(a). Therefore, all subsequent orders that relate to the First Amended MSJ Order are post-judgment orders and "[a] post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." <u>Ditto v. McCurdy</u>, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003). Although a separate judgment is usually necessary for an appeal from dispositive rulings under HRCP Rule 58 and the holding in <u>Jenkins</u>, "the separate judgment requirement articulated in <u>Jenkins</u> is inapposite in the post-judgment context." <u>Ditto</u>, 103 Hawai'i at 158, 80 P.3d at 979.

   Each of the three post-judgment orders, the TRO/Stay Order, the Reconsideration Order, and the Second Stay Order finally determined and ended the post-judgment proceedings for each of Kahanaoi's respective motions. Therefore, under the <u>Forgay</u> doctrine and the principles governing appealability of post-judgment orders under HRS § 641-1(a), all three are independently appealable final post-judgment orders.

   However, Kahanaoi makes no argument in her brief that constitutes a challenge to any of the three appealable post-judgment orders. "Points not argued may be deemed waived." HRAP Rule 28(b)(7). Therefore, we decline to review the post-judgment orders.

   For the foregoing reasons, we express no opinion regarding the merits of the August 1, 2013 Second Amended Order Granting Plaintiff Williamae Hinano Alama's Motion for Summary Judgment over which we have no jurisdiction. The Circuit Court of the First Circuit's September 18, 2013 Order Denying Defendant

Nalayne M. Kahanaoi's Motion for Temporary Restraining Order or For Stay of Execution of the Second Amended Order Granting Plaintiff Williamae Hinano Alama's Motion for Summary Judgment, the October 15, 2013 Order Denying Defendant's Motion for Reconsideration of the Second Amended Order Granting Plaintiff's Motion for Summary Judgment, and the October 15, 2013 Order Denying Defendant's Motion for Stay of Execution of the Second Amended Order Granting Plaintiff's Motion for Summary Judgment are affirmed.

DATED:  Honolulu, Hawai'i, August 30, 2016.

On the briefs:

Nicole Lehuanani Kinilau,
for Defendant-Appellant.

Paul Herran,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

6